UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YOU QING WANG,

                        Plaintiff,

        - against -                      **MEMORANDUM & ORDER**
                                                             18-CV-7341 (PKC) (ST)
X B B, Inc., MEI LAN CHEN, and ZHAO YIN
LIAN,

                        Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff You Qing Wang moves *in limine* to preclude Liyin Chen and Muwang Zheng from testifying on behalf of Defendants X B B, Inc., Mei Lan Chen, and Zhao Yin Lian, at trial. Plaintiff's motion is denied.

## BACKGROUND

        On December 25, 2018, Plaintiff sued Defendants under the Fair Labor Standards Act and New York Labor Law. (*See* Dkt. 1.) Plaintiff's counsel affirms that on June 8, 2020, Zheng was served with a subpoena to appear at a deposition, and service on Chen was attempted.[1] (*See* Declaration in Support of Renewed Motion to Exclude ("Pl. Decl."), Dkt. 50-1, ¶¶ 3, 4.) Plaintiff's counsel further affirms that Zheng called Plaintiff's counsel and said he would not appear for a deposition (*id.* at ¶ 6), and that Chen called Plaintiff's counsel and said she had moved away from New York and did not want to participate in the case (*id.* ¶ 10). Plaintiff's counsel also provides text messages he sent to Chen and Zheng about the matter, to which Chen reiterated that she had moved away and could not "be back to NY," and to which Zheng did not reply. (*See* Dkt. 50-2, 50-3.)

---

[1] Plaintiff does not indicate that Chen was successfully served.

1

The parties certified on July 17, 2020, that discovery was complete. (*See* Dkt. 44.) On December 23, 2020, however, the Court reopened discovery "until February 23, 2021 for the purposes of [allowing Plaintiff to] depos[e] potential witnesses [Zheng] and [Chen]." (12/23/2020 Minute Entry.) Plaintiff was not aware at the time that Chen and Zheng had previously indicated that they would not participate in the case or sit for depositions. (Plaintiff's Motion *in limine* ("Pl. MIL"), Dkt. 50, at 1.) On January 26, 2021, Plaintiff filed the instant motion to preclude Chen and Zheng from testifying on the ground that Plaintiff's counsel "do not reasonably believe that Mr. Zheng and Ms. Chen will comply with renewed subpoenas any more than they did the first." (*Id.*)

## LEGAL STANDARD

"The authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is Rule 45(g)." *Russell v. Aid to Developmentally Disabled, Inc.*, No. 12-CV-389 (LDH) (AKT), 2016 WL 11735375, at *2 (E.D.N.Y. June 14, 2016). Under Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

A court also may preclude a third-party witness from testifying at trial if that witness fails to appear for a deposition after receiving a subpoena. *See, e.g.*, *Harewood v. Braithwaite*, No. 09-CV-2874 (PKC) (RML), 2013 WL 5366391, at *4 (E.D.N.Y. Sept. 23, 2013) (precluding a witness from testifying at trial "based on his refusal to be deposed even when subpoenaed"); *Lewis v. City of New York*, No. 12-CV-4433 (JMF), 2013 WL 6283507, at *2 (S.D.N.Y. Dec. 4, 2013) (precluding a witness from testifying at trial because she "failed to appear for a deposition on a total of six different occasions, proffering a range of different excuses," even after "the [c]ourt expressly warned [the] [p]laintiff that if [the witness] failed to appear for the next

deposition . . . and did not have good cause for such failure, the [c]ourt 'may well preclude her from testifying at any trial.'"). But preclusion is an "extreme sanction." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988).

## DISCUSSION

Plaintiff asks the Court to preclude Chen and Zheng from testifying at trial because they failed to appear for depositions, and Plaintiff's counsel "do not reasonably believe that Mr. Zheng and Ms. Chen will comply with renewed subpoenas any more than they did the first." (*See* Pl. MIL, Dkt. 50, at 1.) But the Court reopened discovery after the unsuccessful attempts to depose Chen and Zheng for the sole purpose of securing their deposition testimony. (*See* 12/23/2021 Minute Entry.) Plaintiff could have attempted to serve subpoenas on both potential witnesses at that time, especially given that Chen apparently was never served with the initial subpoena on June 8, 2020.[2] Had both witnesses refused to comply with the renewed subpoenas, Plaintiff could have moved to compel their compliance. Fed. R. Civ. P. 45(g).

Instead, Plaintiff did nothing in response to the Court's December 23, 2020 order. Now, Plaintiff asks the Court to assume that neither witness would have complied with a subpoena even under threat of contempt. Having reopened discovery so that Plaintiff could depose Chen and Zheng, the Court declines to preclude those potential witnesses from testifying at trial based on Plaintiff's assumption that they would not have complied with subpoenas. Plaintiff may be right that neither potential witness would have appeared for a deposition, but Plaintiff did not try and thus has forfeited the right to preclude their testimony at trial.

---

[2] Chen apparently "resides in New Mexico," and Plaintiff avers that "she may not be required to attend a deposition more than 100 miles from her place of residence." (Pl. MIL, Dkt. 50, at 1.) But Plaintiff does not provide any reason why counsel could not travel to within 100 miles of Chen's residence to conduct a deposition.

## CONCLUSION

Plaintiff's motion to preclude Chen and Zheng from testifying at trial is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 10, 2021
Brooklyn, New York