UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YOU QING WANG,

                      Plaintiff,          **MEMORANDUM & ORDER**

        - against -                        18-CV-7341 (PKC) (ST)

XBB, INC. and MEI LAN CHEN,

                      Defendants.

-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Currently before the Court is Plaintiff's request for the Court to reconsider its March 23, 2023 Memorandum and Order granting in part and denying in part Plaintiff's motion for attorneys' fees. For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

## BACKGROUND[1]

On December 25, 2018, Plaintiff You Qing Wang initiated this lawsuit, alleging various violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Compl., Dkt. 1, ¶¶ 46–89.) Following a two-day bench trial held from August 16 to August 17, 2021, the Court issued its Findings of Fact and Conclusions of Law, awarding $83,725.27 in damages for Plaintiff. *See Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST), 2022 WL 912592, at *15 (E.D.N.Y. Mar. 29, 2022). Following the trial, Plaintiff filed a motion for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and New York Labor Law §§ 198(1-a), 663(1). (Pl.'s Mot. for Att'y Fees & Costs, Dkt. 58; *see also* Mem. in Supp. of Mot. for Att'y Fees & Costs, Dkt. 60

---

[1] The Court presumes counsel's familiarity with the facts and procedural history of this matter, and will recount only those facts necessary to resolve the instant motion for reconsideration.

1

(hereinafter "Dkt. 60").)  Plaintiff requested $81,929.50 in attorneys' fees and $5,314.55 in costs. (*See* Decl. of John Troy, Dkt. 59, ¶ 58.)  In its March 23, 2023 Memorandum and Order, the Court found that Plaintiff's counsel was entitled to $20,856.60 in attorneys' fees and $400 in costs. *Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST), 2023 WL 2614143, at *1 (E.D.N.Y. Mar. 23, 2023).

### A. Adjustments to Requested Hourly Rates[2]

In its 20-page opinion setting forth its fee determination, the Court concluded that the requested fee of $83,725.27 was unreasonable for a number of reasons.  First, the Court considered the hourly rates requested by the lawyers of Troy Law PLLC ("the Firm") who worked on this case and found each rate to be unreasonably high.

To begin, the Court assessed the requested hourly rate of $650 for John Troy ("Mr. Troy"), the managing attorney of the Firm.  *See Wang*, 2023 WL 2614143, at *3.  After the Court examined a number of cases in which Troy was awarded attorneys' fees and found no comparable case where he was awarded this high a rate, the Court, in its discretion, reduced his hourly rate to $400.  *Id.* at *4.  In so doing, the Court rejected Mr. Troy's argument that just as the minimum wage has increased in New York, so too, should attorney pay.  (Dkt. 60, at 4–5.)  The Court found that this reasoning inappropriately (and insensitively) conflated the circumstances of well-compensated attorneys with those of the lowest compensated members of the workforce who struggle to earn a living wage.  *Wang*, 2023 WL 2614143, at *4.  The Court relied on multiple similar cases in which Mr. Troy was awarded an hourly rate of $400 in reaching its conclusion that this was the appropriate rate in this case.  *Id.*; *see, e.g.*, *Xin v. 1A Royal Thai Cuisine & 1A Anago Sushi Inc.*,

---

[2] In making its reductions, the Court warned Troy Law PLLC that the Court "came close to sanctioning" the Firm and "will do so in the future, should the Firm repeat these practices before this Court."  *Wang*, 2023 WL 2614143, at *8.  In making this warning, the Court pointed to the fact that Troy Law has been "reprimanded numerous times for its billing practices."  *Id.*

No. 17-CV-10240 (GHW), slip op. at 1 (S.D.N.Y. June 3, 2019) (awarding Mr. Troy $300 per hour); *Guo v. Tommy's Sushi, Inc.*, No. 14-CV-3964 (PAE), 2016 WL 452319, at *5 (S.D.N.Y. Feb. 5, 2016) (same); *see also Hui Luo v. L & S Acupuncture, P.C.*, No. 14-CV-1003 (BMC), 2015 WL 1954468, at *2 (E.D.N.Y. Apr. 29, 2015) (noting that it is "well established, and should remain so unless there is a significant change in the market for legal services in this area, that '[t]he prevailing hourly rate for partners in this district range[s] from $300.00 to $400.00'" (quoting *Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908, 2015 WL 790060, at *13 (E.D.N.Y. Feb. 24, 2015))).

Second, the Court assessed the requested hourly rate of $350 to $400 for the Firm's associate, Aaron Schweitzer ("Schweitzer"). *Wang*, 2023 WL 2614143, at *4–5. The Court concluded that the appropriate rate for Schweitzer's work was $200 an hour. *Id.* at *5. In reaching this determination, the Court carefully considered the cases cited by the Firm in its motion for fees and found that they were meaningfully different from the case at bar. *Id.* at *4–5. The Court also determined that the work done by Schweitzer—while he was labeled as "managing associate" of the Firm—was in fact junior associate work for purposes of fee calculations. *Id.* at *5.

Third, though the Firm requested $200 an hour for the work performed by Tiffany Troy ("Ms. Troy"), the Court declined to award her any of her requested fees on the ground that the time she spent on this case was for translation services, not for legal work. *Id.*; (*see* Invoice of Troy Law ("Invoice"), Dkt. 59-1, at 3 (time entries for 4/2/2019, 5/2/2019, and 5/3/2019 for translation or interpretation); *id.* at 4 (time entries for 7/1/2019 for translation).)  In making this determination, the Court noted that the Firm's attempt to compensate Ms. Troy as an attorney for performing non-legal work was "misleading, if not dishonest and unethical." *Wang*, 2023 WL 2614143, at *5.

Finally,[3] the Court awarded Preethi Kilaru ("Kilaru"), an individual who is labeled as "Office Manager" on the Firm's website, an hourly rate of $75 instead of the requested $200. *Id.* at *6. In its submission, the Firm did not indicate Kilaru's role on the legal team and the billing entries indicate that she was not acting as a lawyer on behalf of Plaintiff. *Id.*; *id.* at *6 n.7. The Court relied on other cases in setting the $75 figure for Kilaru. *See id.*; *Rodpracha v. Pongsri Thai Rest. Corp.*, No. 14-CV-2451 (DF), 2021 WL 6205861, at *4 (S.D.N.Y. Dec. 29, 2021) ("$100/hr is a reasonable rate for the work performed on this matter by office manager Perrthi [sic] Kilaru."); *Lu Wan v. YWL USA Inc.*, No. 18-CV-10334 (CS), 2021 WL 1905036, at *6 (S.D.N.Y. May 12, 2021) (rejecting the Firm's application for $200 per hour for Kilaru, and instead awarding $75 per hour for her work).

### B.  Across-the-Board Reduction for Total Hours Expended

The Court reduced the number of hours of compensation requested by the Firm by 40%. *Wang*, 2023 WL 2614143, at *7. In concluding that the Firm's billing records "reflect[ed] inefficiencies and excessive billing practices," *id.*, the Court analyzed the type of work performed by Mr. Troy, which included junior-level work and tasks that arguably had no relevance to the case, *see id.* Additionally, the billing records reflected that Troy spent an excessive 3.5 hours to file the complaint, summons, and civil cover sheet. *Id.* The Court also noticed inconsistent billing entries, including two identical entries attributed to Schweitzer for 0.2 hours on February 21, 2019 for filing a Notice of Appearance. *Id.* All of these reasons contributed to the Court's recognition

---

[3] Because the Firm's motion for reconsideration does not raise the Court's award of $100 per hour instead of the requested $200 per hour for Adam Xing Dong—an associate at the Firm who was not admitted to the New York bar at the time he performed the work in this case—the Court does not recount its rationale for reaching this hourly rate. *See Wang*, 2023 WL 2614143, at *5–6.

of the Firm's haphazard billing practices and justified an across-the-board reduction in the total fees to be awarded.

     **C.    Costs**

Plaintiff requested $5,314.55 in total costs for the filing fee, process server fees, postage, printing costs, interpretation costs, and other costs related to depositions, mediation, and trial. (*See* Invoice, Dkt. 59-1, at 8.) While a successful plaintiff may recover reasonable costs under both the FLSA and NYLL, *see* 29 U.S.C. § 216(b); N.Y. Lab. L. § 663(1), the Court found that, because the Firm did not submit any documentation to verify the costs it incurred in the course of this litigation, only the $400 filing fee would be reimbursed. *See Wang*, 2023 WL 2614143 at *9 (citing *Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 WL 1135652, at *1 (E.D.N.Y. Feb. 28, 2018) (adopting recommendation to award only $400 of costs for filing fee).

## LEGAL STANDARD

"A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (brackets omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked [] matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

"That plaintiffs are unhappy with the Court's decision . . . affords no basis to support a motion for reconsideration." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2019 WL 3738623, at *3 (quoting *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)), *report and recommendation adopted sub*

5

*nom. Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1480465 (S.D.N.Y. Mar. 26, 2020).

## DISCUSSION

In short, Plaintiff points to no change in controlling law, no new evidence, and no clear error in the motion for reconsideration.

### A.      Hourly Rates

Plaintiff requests that the Court reconsider the hourly rate determinations for Mr. Troy, Schweitzer, Ms. Troy, and Kilaru. (Mem. in Supp. of Mot. for Recons., Dkt. 74 (hereinafter "Dkt. 74"), at 2–7.) Instead of providing any cognizable basis for reconsideration, Plaintiff simply points to examples where other courts have awarded members of the Firm higher rates than the ones awarded in this case. *See id.* The Court has already considered other cases involving the Firm and concluded—in its discretion—to award the figures it did for the reasons fully explained in the Court's March 23, 2023 Memorandum & Order. *See Wang*, 2023 WL 2614143, at *3–7. The Court will not give Plaintiff "a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (discussing how motions for reconsideration are not vehicles to relitigate old issues or otherwise taking a "second bite at the apple"). Because the Firm has provided no legal or factual basis for the Court to reconsider or revise its previous determinations, those hourly rate determinations remain the same.

With respect to the Court's decision not to compensate Ms. Troy at an attorney hourly rate because she performed only translation services, Plaintiff now argues that the full amount of the requested fees for Ms. Troy should be granted because she performed "other review and clerical work." (Dkt. 74, at 6.) To argue that the Court should reconsider its denial of attorneys' fees for Ms. Troy in the same breath as implicitly acknowledging that she did not perform any legal work in this case (as the Firm previously claimed) speaks for itself. Indeed, rather than wasting the

6

Court's time seeking reconsideration of the fee award for Ms. Troy, the Firm should consider itself lucky that the Court did not sanction the Firm for its plain misrepresentation in its fee application about the work that Ms. Troy actually performed.

This observation is relevant to the Firm's alternate argument that the time billed by Ms. Troy should be considered a cost, citing decisions by other courts in which translation services were considered recoverable costs. (*Id.*)  However, in denying the fee request for Ms. Troy in its March 23, 2023 Memorandum and Order, the Court explained that it "is not going to reward Troy Law's effort to improperly seek attorneys' fees for non-legal work, by recategorizing this amount as costs.  Troy Law made the deliberate decision to proceed in this manner and now recovers nothing as a consequence." *Wang*, 2023 WL 2614143, at *9 n.10.  The Court finds no reason to revisit or deviate from its prior decision on this point, and the Firm must live with the consequences of categorizing Ms. Troy's work on this case in the way that it did upon initially presenting its fee request.

### B. Costs

Plaintiff's motion for reconsideration states that "[c]ourt filing fees, process servers, postage and transcripts are recoverable expenses." (Dkt. 74, at 7 (citing *Hanover Ins. Co. v. D'Angelo*, No. 13-CV-4301 (JMA) (ARL), 2018 WL 2729248, at *2 (E.D.N.Y. Mar. 23, 2018))). Attached to the motion to reconsider is documentation in support of the Firm's itemized costs, including postage costs, transcript fees, and translation expenses." (*Id.* at 8; *see also* Troy Aff., Dkt. 73, at 1–2.)  Notably, the Firm provided no such documentation of costs when it submitted its initial motion for fees and costs, only a summary chart listing out its costs.  (*See* Invoice, Dkt. 59-1, at 8.)  While the Firm explicitly concedes that the party "seeking to recover costs 'bears the burden of adequately documenting and itemizing the costs requested,'" (Dkt. 74, at 7 (quoting

7

*Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-CV-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015))), it fails to explain why it did not do so in its initial fee application. Instead, the Firm argues that "to the extent the Court insists on the receipts, Plaintiff's [sic] has been able to locate some of the receipts," and for the ones where no receipts could be found, the Firm requests that the Court "take judicial notice for those entries." (Dkt. 74, at 8.) The Court declines to consider the Firm's belated provision of documentation, which was plainly available at the time the Firm filed its motion for fees and costs on December 15, 2021, and therefore does not constitute "new evidence" for analysis on a motion for reconsideration. *See Cho*, 991 F.3d at 170. Nor will the Court excuse or overlook the Firm's inability to provide the missing documentation and take judicial notice of it. Again, the Firm must live with the consequences of the choices made in its initial application, along with the consequences of its irresponsible and haphazard record- and time-keeping practices. *See, e.g.*, *Chen v. Marvel Food Servs., LLC*, No. 15-CV-6206 (JMA) (AYS), 2022 WL 4226098, at *5 (E.D.N.Y. Sept. 9, 2022) (denying the Firm's requested costs because it "fail[ed] to provide any supporting documentation for [its] stated expenses").

## CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration in its entirety.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 17, 2024
       Brooklyn, New York